IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARGARET C. DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 1:07cv838-TFM** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's counsel's *Motion for Approval of Attorney's Fee Under 42 U.S.C. § 406(b)* (Doc. 30-5, filed May 4, 2010) and *Defendant's Response* (Doc. 33, filed May 12, 2010). Counsel requests payment of attorney fees in the amount of $4,675.60 under section 406(b) of the Social Security Act (the Act).

### **BACKGROUND**

On May 14, 2008, the undersigned reversed and remanded a decision by the Commissioner of the Social Security Administration (the "Commissioner") to deny disability benefits to Plaintiff Margaret Daniels ("Daniels"). (Doc. 21). On August 12, 2008, Daniels filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA) (28 U.S.C. § 2412). The Commissioner did not contest the motion, and Daniels was awarded fees in the amount of $2,906.25. (Doc. 29).

Daniel's current petition seeks $4,675.60 in fees for 24.75 hours of work. The Commissioner's *Response* confirms this amount has been withheld by the Commissioner

as 25 percent of past due benefits, and is available for the payment of fees pursuant to the fee agreement executed between Plaintiff and counsel.  The Commissioner does not contest the motion, but requests that any fee awarded be reasonable, and therefore consistent with Plaintiff's interests.  The Commissioner also requests that, in accordance with Congressional direction, counsel be directed to refund to Plaintiff the smaller EAJA fee of $2,906.25 previously received.

## DISCUSSION

The Commissioner's request that any fee award under section 406(b) be "reasonable" is mandated by *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002).  In *Gisbrecht*, the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in Social Security disability cases.  Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  The burden is on the attorney for the claimant to "show that the fee sought is reasonable for the services rendered." *Id*.  The Court observes that the Commissioner does not oppose the fee award, nor does the request exceed the 25 percent ceiling established by § 406(b).

Counsel provided the Court a copy of his employment contract which limits his contingency fee to $5,300.00.  (Doc. 30-3).  The amount requested is below that amount.  The Court has reviewed, and found reasonable, Counsel's work log showing the hours

spent on Daniels' case.  (Doc. 30-2).  Finally, the Court finds the hourly rate of $188.91 is reasonable for this District.

Accordingly, it is

ORDERED and ADJUDGED that, pursuant to 42 U.S.C. § 406(b),

1. The petition for attorney's fees be and is hereby GRANTED for the total contingency fee amount of $4,675.60;

2. The Commissioner shall pay to Plaintiff's counsel  $4,675.60 of the amount previously withheld from Plaintiff's past due benefits;

3. Plaintiff's counsel shall refund to Plaintiff the amount of $2,906.25, the amount previously awarded in EAJA fees.

Done this 17th day of December, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE